**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,          )<br>                                                     )<br>            Plaintiff,                      )<br>                                                     )<br>vs.                                              )<br>                                                     )<br>Shannon Kindelay,                   )<br>                                                     )<br>            Defendant.                   )<br>_____) | CR 05-0271-PHX-NVW<br><br>**ORDER** |

The court has considered Defendant's Request for Clarification of the Court's September 8, 2006, Restitution Order (Doc. #54), Government's Response to Defendant's Motion for Clarification (Doc. #56), and Defendant's Reply to Government's Response re Request for Clarification of the Court's September 8, 2006 Restitution Order (Doc. #57). The following clarifies the basis for the court's September 8 order.

**I.      The $17,909.40 Medical Bill**

Defendant first requests clarification regarding the court's order of restitution in the amount of $17,909.40 to Phoenix Rehabilitation Hospital. Defendant explains that she objected to that amount on the grounds that (1) the Hospital did not itself make a claim, and (2) no evidence was presented indicating whether the bill was still outstanding. The court addresses these issues in turn.

### A. Whether the Hospital Needs to Actively Assert its Claim

Defendant's request bears upon the meaning of the Mandatory Victims Protection Act. The effect of the Act depends in this case on whether Defendant was convicted for a crime of violence within the meaning of 18 U.S.C. § 16. Under § 16, "crime of violence" means

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* Crimes based on a mens rea of negligence or less cannot constitute crimes of violence under the statute. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). By contrast, "[a]ssault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6) is a crime of violence within the meaning of 18 U.S.C. § 16(a)." *United States v. Zunie*, 444 F.3d 1230, 1235 (10th Cir. 2006).

Because Defendant was convicted *inter alia* for a violation of § 113(a)(6), she was convicted for a crime of violence.[1] Thus, 18 U.S.C. § 3663A(b)(2)(A) governs the restitution order. *See* §3663A(c)(1)(A)(i). Under § 3663A(b)(2)(A), an order of restitution "shall require" that a defendant "in the case of an offense resulting in bodily injury to a victim . . . pay an amount equal to the cost of necessary medical and related professional services and devices relating to the physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment." *Id.* Section 3663A "expresses

---

[1] While Defendant cites to several cases involving factually similar crimes that were held not to constitute crimes of violence under 18 U.S.C. § 16, none of those cases involved convictions under 18 U.S.C. § 113(a)(6). The distinction is fatal to Defendant's argument because, in determining whether a conviction falls within the ambit of § 16, the statute "requires us to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to [the defendant's] crime." *Leocal*, 543 U.S. at 7.

- 2 -

1 Congress' intention that a defendant must, in every case involving bodily injury, pay what
2 it costs to care for the victim, whether or not the victim paid for the care or was obligated
3 to do so." *United States v. Cliatt*, 338 F.3d 1089, 1091 (9th Cir. 2003).

4     Because the disputed $17,909.40 is a cost of necessary medial services, the plain
5 language of § 3663A(b)(2)(A) requires restitution in that amount to Phoenix
6 Rehabilitation Hospital. So long as some entity has borne the cost of providing the
7 medical services, the statute leaves no room for denial of restitution on the ground that the
8 victim has not personally paid for the services. *Id.* at 1091; *see also United States v.*
9 *Follet*, 269 F.3d 996, 1000 (9th Cir. 2001).

10     Nor does the categorical language of § 3663A(b)(2)(A) permit a denial of
11 restitution merely because the Hospital has not asserted a claim. The statute states that
12 the order of restitution "shall require" the defendant to pay for the cost of medical
13 services, *id.*, and the procedural rules laid out in 18 U.S.C. § 3664 do not alter § 3663A's
14 substantive requirements. *Cliatt*, 338 F.3d at 1093. Moreover, even if the terms of §
15 3664 could overcome § 3663A to mandate some form of procedural default through
16 failure to assert a claim, nothing in § 3664 requires as a prerequisite to restitution that
17 third parties actively assert their claims against the defendant. Section 3664(j)(1) states
18 that, "[i]f a victim has received compensation from insurance or any other source with
19 respect to a loss, the court shall order that restitution be paid to the person who provided .
20 . . the compensation." *Id.* This language both makes the order of restitution to the
21 Hospital mandatory and omits any implication that the Hospital must take affirmative
22 steps to qualify for such restitution. Other provisions in the statute have the same effect.
23 *See, e.g.*, 18 U.S.C. § 3663A(a)(3) ("The court shall . . . order, if agreed to by the parties
24 in a plea agreement, restitution to persons other than the victim of the offense.").

25     The court therefore reaffirms the implication in its prior order that the Phoenix
26 Rehabilitation Hospital is qualified to receive restitution even though it has not actively
27 asserted a claim.

28     **B.     Whether the Bill is Still Outstanding in the Hospital's Account**

- 3 -

1    Defendant also objects to the September 8 order of restitution to Phoenix
2 Rehabilitation Hospital on the ground that, although Defendant stipulated to the
3 reasonableness of the amount, no evidence was presented indicating whether the bill was
4 still outstanding in the Hospital's account.

5    Defendant's objection goes to whether the Hospital is the appropriate recipient of
6 the restitution, rather than to whether Defendant should be responsible for payment of the
7 $17,909.40. Even if an insurance carrier has already paid the Hospital in that amount, 18
8 U.S.C. § 3664(j)(1) requires restitution if a "victim has received compensation from
9 insurance *or* any other source." *Id.* (emphasis added). Because payment by the insurance
10 carrier would merely shift the effective source of the compensation from the Hospital to
11 the carrier, Defendant owes the disputed amount regardless of whether the bill is
12 outstanding in the Hospital's account.

13    18 U.S.C. § 3664(e) does not require invalidation of the restitution order merely
14 because it is unclear whether the Hospital or the insurance carrier should receive the
15 funds. The statute only places on the government the "burden of demonstrating the
16 *amount* of the loss sustained by a victim" (emphasis added). *Id.* It mentions nothing of
17 an additional burden of demonstrating who ultimately bears the loss. Because Defendant
18 has stipulated that the amount of $17,909.40 is reasonable, § 3664(e) is satisfied.

19    The court therefore reaffirms its prior order of restitution to Phoenix Rehabilitation
20 Hospital. To the extent that there is disagreement between the Hospital and its insurance
21 carrier concerning the $17,909.40, those entities can work it out among themselves.

22 **II.    Defendant's Inability to Pay**

23    Defendant also requests clarification on whether Defendant may permissibly be
24 ordered to pay restitution despite her inability to pay.

25    Given that Defendant was convicted for a crime of violence and that 18 U.S.C. §
26 3663A therefore applies, restitution is mandatory. Unlike § 3663, § 3663A does not
27 permit in setting restitution the consideration of factors such as the defendant's financial
28 resources. *Compare* 18 U.S.C. § 3663A(a)(1) *with* 18 U.S.C. § 3663(a)(1)(B).

- 4 -

For the proposition that a court may not order restitution when the defendant lacks an ability to pay, Defendant cites to *United States v. Ramilo*, 986 F.2d 333 (9th Cir. 1993). That case, however, is inapposite. *Ramilo* only considered the defendant's financial resources because it was applying 18 U.S.C. § 3663, a statute that the court now finds is not necessary to the restitution award in light of the applicability of 18 U.S.C. § 3663A.

The restitution order was therefore proper even though Defendant lacks an ability to pay.

DATED this 17th day of October, 2006.

_____
Neil V. Wake
United States District Judge

- 5 -